IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL ALLEN JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1416-M |
| | § | |
| STEVENS TRANSPORT, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Stevens Transport, Inc. has filed a Motion to Quash Plaintiff's Notice of Intention to Take the Oral Deposition of Tim Spratling and Motion for Protective Order, *see* Dkt. No. 20, which United States District Judge Barbara M.G. Lynn has referred to the undersigned magistrate judge, *see* Dkt. No. 23. For the reasons explained below, the Court GRANTS Defendant's motion [Dkt. No. 20].

## Background

On January 2, 1015, Plaintiff Randall Allen Jackson noticed the deposition of Defendant's employee Tim Spratling to occur on January 21, 2015 at Defendant's counsel's office. *See* Dkt. No. 20-1. Defendant asks the Court to quash this deposition notice and issue a protective order as to any deposition of Mr. Spratling. *See* Dkt. No. 20. Defendant asserts that Mr. Spratling is not an officer, director, or managing agent of Defendant and so cannot be noticed for deposition under Federal Rule of Civil Procedure 30 but rather, as a non-party, must be served with a Federal Rule of Civil Procedure 45 subpoena; that Plaintiff's deposition notice fails to comply with Federal

-1-

Rule of Civil Procedure 30(b)(1)'s and 30(d)(1)'s requirements because it fails to identify the deponent's address, fails to choose an appropriate location for the deposition, and purports, without Defendant's agreement or the Court's leave, to notice the deposition to occur from day to day as completed and not only for one day of no more than 7 hours; and that noticing of Mr. Spratling's the deposition is improper because he does not have any relevant information regarding the incident at issue on Plaintiff's claims, because any information that he does possess is limited to information that could be obtained through a corporate representative's deposition, and because Mr. Spratling is not a resident of Texas, such that any expenses incurred to depose him out of state would subject Defendant to undue burden and expense. *See id.* at 1-4.

At oral argument, Defendant's counsel further represented that Mr. Spratling is an independent contractor who works for Defendant as a driver-trainer, both driving a truck to haul loads for Defendant and serving as a trainer of new drivers; that Mr. Spratling lives in Alabama but comes to Dallas for his work for Defendant because Defendant's only terminal is in Dallas; that Defendant does not believe that it can exercise sufficient control over Mr. Spratling, as an independent contractor, to require him to appear for a deposition, in Dallas or Alabama, if he does not choose to so appear; and that Mr. Spratling served as Plaintiff's trainer for Defendant but did not serve as the trainer for Quenton Devon Carter, the driver who Plaintiff alleges beat Plaintiff while Plaintiff and Mr. Carter were paired for the trainee-trainee portion of their driver training.

Plaintiff responds that "Mr. Spratling possesses relevant knowledge as to the

following: (1) Steven's policy and procedures regarding its policy prohibiting violence in the workplace between employees; (2) training provided to Plaintiff and Carter regarding violence in the workplace; and (3) Steven's code of conduct for co-drivers" and so "holds personal knowledge essential to Plaintiff satisfying his burden as to his claims." Dkt. No. 25 at 4, 6. Plaintiff further asserts that Mr. Spratling "is an employee of Steven's Transport and was acting as an agent of Defendant at the time he trained Plaintiff" and "is under the control of Defendant and Defendant's Counsel for purposes of this litigation." *Id.* at 6.

At oral argument, with the benefit of the clarification that Mr. Spratling did not train Mr. Carter but did train Plaintiff, Plaintiff's counsel argued that Plaintiff's claims turn in part on Plaintiff's training on how to raise complaints about a fellow employee's conduct and that, on information and belief, Plaintiff's training, including through Mr. Spratling, led Plaintiff to believe that raising a complaint through Mr. Spratling was appropriate and that Plaintiff did so.

## Legal Standards

"A corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45." *Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities). "A party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone." *Morawski v. Farmers Tex. Cty. Mut.*

*Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014). "Absent such consent, however, to obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." *Id.* (internal quotation marks omitted); *see also McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28JGG, 2006 WL 5359797, at *1 (M.D. Fla. Jan.18, 2006) ("Although most corporate litigants voluntarily produce subordinate employees, if the corporate party refuses to produce the person, the person must be subpoenaed.").

At oral argument, Plaintiff's counsel reported that he had spoken to Mr. Spratling for the first time on January 14, 2015 but that Mr. Spratling had not expressly agreed to appear for a deposition. And neither party takes the position that Mr. Spratling is Defendant's officer or director.

The question, then, is whether Mr. Spratling is, for these purposes, Defendant's "managing agent" and so properly noticed for deposition under Rule 30 through Defendant's counsel. "The party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined." *Karakis*, 2009 WL 113456, at *1. But some courts have also held that "doubt about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party." *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996). But, "[i]f an examining party fails to meet its burden, it must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses." *Id.*

The United States Court of Appeals for the D.C. Circuit opined almost 30 years

ago that "[t]he law concerning who may properly be designated as a managing agent is sketchy." *Founding Church of Scientology of Washington, D.C. v. Webster*, 802 F.2d 1448, 1451 (D.C. Cir. 1986). Little appears to have changed in the ensuing three decades, where "the decisions in each case continue to be driven by the particular factual circumstances, not by a clear and easily applied legal standard." *Bianco v. Globus Med., Inc.*, No. 2:12-cv-00147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014) (citing *Webster*, 802 F.2d at 1452 ("Largely because of the vast variety of factual circumstances to which the concept must be applied, the standard, like so many others in the law, remains a functional one to be determined largely on a case-by-case basis.")).

"Courts are generally agreed, however, on the controlling factors used in deciding whether an individual is a managing agent of a corporation. These factors include: (1) whether the corporation has invested the person with discretion to exercise his judgment, (2) whether the employee can be depended upon to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the adverse party." *Honda Am.*, 168 F.R.D. at 540 (citing cases). "Other factors to consider include the degree of supervisory authority which a person is subject to in a given area and the general responsibilities of the individual regarding the matters at issue in the litigation," but some courts have held that "[t]he 'paramount test' is whether the individual can be expected to identify with the corporation's interests as opposed to an adversary's." *Id.* at 540-41.

Another court recently explained that, "[w]hen determining whether an individual is a managing agent, courts consider multiple factors, including: (1) whether the individual has general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in the case; (4) his general responsibilities respecting the matters involved in this litigation; and (5) whether he can be expected to identify with the interests of the corporation. No single factor is conclusive, and courts typically focus on the degree of control the individual has over the corporate affairs at issue." *Averkamp v. Swimways Corp.*, No. 13-C-473, 2014 WL 6453915, at *1 (E.D. Wis. Nov. 17, 2014) (citations omitted); *accord* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FED. PRAC. & PROC. § 2103 (3d ed.) ("Though the question of whether a particular person is a 'managing agent' is to be answered pragmatically on an ad hoc basis, the courts look to see if the individual involved is invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters, whether he or she can be depended upon to carry out the employer's direction to give testimony at the demand of a party engaged in litigation with the employer, and whether he or she can be expected to identify with the interests of the corporation rather than with those of the other parties. Typically a court will look to all three of these factors, although it has been

said that the third factor, identification with the interests of the employer, is the 'paramount test.'" (footnotes omitted)).

Other courts "have generally considered five factors in determining whether an individual is a managing agent: 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation." *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ. 5377(CM)(THK), 2007 WL 1771509, at *2 (S.D.N.Y June 18, 2007) (internal quotation marks omitted). Further, "those characterized as independent contractors can also be managing agents for purposes of Rule 30." *Id.*

A decision out of the United States District Court for the Eastern District of Texas, similarly, recently reviewed the case law on the "managing agent" test in the closely related context of Federal Rule of Civil Procedure 32(a)(3):

> In determining whether a particular employee is a "managing agent," within the meaning of Rule 32(a)(2), courts have frequently looked to the following general factors: "(1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities, and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than the deponent were in charge of the

> particular matter or possessed all of the necessary information."
>
> Particularly in the more recent decisions on the "managing agent" issue, the courts have given particular emphasis to the importance of the employee's responsibilities "with respect to the subject matter of the litigation." ....
>
> Moreover, courts have held that the term "managing agent" should "not be given too literal an interpretation[.]" The facts of the decided cases apply that principle and make clear that the term "managing agent" is not read restrictively to be limited to persons in the upper management of the corporation. Instead, the courts have found particular employees to be "managing agents" of the corporation if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case.

*Bianco*, 2014 WL 977686, at *2 (citations omitted).

### Analysis

Here, the parties' representations before the Court lead the Court to conclude that Plaintiff has not met his burden, however modest it may be, to establish that Mr. Spratling is Defendant's "managing agent" who is subject to simply being noticed through Defendant for his depositions.

Mr. Spratling is an independent contractor who both drives a truck to haul loads for Defendant and also works for Defendant to train novice drivers. Mr. Spratling trained Plaintiff but did not train Mr. Carter. Defendant's counsel explained at oral argument that that training is focused on how to work as a driver for Defendant, but Defendant's counsel also explained that each trainee driver is given an employee manual that includes a section on employee code of conduct, including regarding workplace violence. Defendant's counsel explained that training on that code of conduct is not part of what a driver-trainer such as Mr. Spratling evaluates a trainee on – for example, it is not part of any training checklist, which is focused on the mechanics and

-8-

protocols for driving loads as a driver for Defendant – but that a trainer could point a trainee to the manual if a trainee raised a question on employee conduct, such as workplace violence.

Plaintiff's claims and his stated interest in deposing Mr. Spratling are focused on Defendant's policy and procedures as to violence in the workplace between employees, training provided to Plaintiff and Mr. Carter regarding violence in the workplace, and Defendant's code of conduct for co-drivers. At oral argument, Plaintiff's counsel focused the Court's attention on Mr. Spratling's role in receiving Plaintiff's complaint about Mr. Carter, apparently because Plaintiff's training led him to believe that reporting a complaint to Mr. Spratling was appropriate.

But nothing before the Court suggests that Mr. Spratling – who did not even train the driver (Mr. Carter) who Plaintiff alleges savagely beat Plaintiff during the trainee-trainee portion of their driver training – had supervisory authority or responsibilities regarding Defendant's code of conduct as to workplace violence or particular responsibility for training drivers on Defendant's code of conduct and its policy prohibiting workplace violence or that Mr. Spratling was afforded discretion to exercise his judgment regarding those matters. The facts before the Court do not support a conclusion that Mr. Spratling had significant independence, supervisory responsibility, or control with respect to the aspect of Defendant's corporate activities that are at issue in the case. And Plaintiff's counsel did not suggest that there are not other persons employed by Defendant in positions of higher authority than Mr. Spratling who have greater information on how Mr. Carter was trained and on

Defendant's policy and procedures regarding its policy prohibiting violence in the workplace between employees and Defendant's code of conduct for co-drivers or who have more authority than Mr. Spratling as to information concerning the subject matter at issue in this case.

Further, although Plaintiff's counsel had the impression from talking to Mr. Spratling that he would not object to being deposed, Defendant's counsel expressed concern as to whether, as an independent contractor, Mr. Spratling can be depended on to carry out Defendant's direction to give testimony at Plaintiff's demand. And, under the circumstances, the Court cannot point to any facts that support a finding that Mr. Spratling can be expected to identify with Defendant's interests as opposed to Plaintiff's in connection with Plaintiff's allegations regarding his attack by Mr. Carter or Mr. Carter's training on workplace violence policies.

Absent consent for Mr. Spratling to simply be noticed for deposition, which is lacking here, Plaintiff therefore must seek Mr. Spratling's deposition through a Rule 45 subpoena. Plaintiff's counsel admits that Plaintiff has not done so, and Plaintiff's notice to Defendant's counsel cannot qualify as a valid subpoena where there is no evidence that, among other requirements that Rule 45 imposes, Plaintiff personally served Mr. Spratling with a subpoena or tendered the required witness fees and mileage allowance. *See Morawski*, 2014 WL 717170, at \*1-\*2.

The Court must therefore quash Plaintiff's deposition notice and issue an order that protects Defendant from producing Mr. Spratling pursuant to Plaintiff's deposition notice. In light of this resolution of Defendant's challenges to Plaintiff's

deposition notice, the Court need not address the other defects that Defendant alleges in the notice – which Plaintiff concedes was served under Rule 30 and not Rule 45 – or address whether Plaintiff can make a sufficient showing of relevance of Mr. Spratling's testimony as a non-party subject only to a Rule 45 subpoena.

**Conclusion**

The Court GRANTS Defendant Stevens Transport, Inc.'s Motion to Quash Plaintiff's Notice of Intention to Take the Oral Deposition of Tim Spratling and Motion for Protective Order [Dkt. No. 20], QUASHES the notice served on Defendant's counsel to depose Tim Spratling on January 21, 2015 at Defendant's counsel's office, and ORDERS that Defendant need not produce Mr. Spratling in response to that notice.

SO ORDERED.

DATED: January 15, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE
